UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KAREN AHN, KWESI CAMERON, CORNELIA CODY, CHRIS DISTASIO, PAT GARBARINI, MANUEL ALFREDO GARZON, MELISSA GRIGG, MARIA S. HERNANDEZ, CARI JACKSON, JAN C. KRAUS, NERIDA LANGSTON, GAIL MACK, MARTA MONTSENY, MAURICIO NIEBLA, JAN ORZECK, SUE MYUNG PARK, DELZA PEREIRA, WENDY PIERSON, CAROL PORTEOUS-FALL, MICHELE PRIDMORE, MARISA RINDONE, TOM SAETTEL, BERNARDO SARAVIA, BRUNO TARAZONA, ANA TEJADA, MARCO VILLAR, EDITH WEINBERG and SARALYN WILSON,

**PLAINTIFFS' PRETRIAL MEMORANDUM OF LAW**

Case No. 10 CV 8726

                                        Plaintiffs,

-against-

INKWELL PUBLISHING SOLUTIONS, INC., ISRAEL LUZUNARIS, PATRICIA COOKE, JANE DOES 1 - 5 and JOHN DOES 1 - 5,

                                        Defendants.
------------------------------------------------------------------X

## Introduction

The Plaintiffs submit this Pretrial Memorandum of Law pursuant to Rule 3(b)(iv) of the Court's Individual Rules of Practice. The Plaintiffs in this civil action claim that Defendant Inkwell Publishing Solutions ("Inkwell"), a company that produced textbook materials for large publishing houses, failed to pay wages to them for work performed in 2008 and 2009 as writers, editors, translators, and designers of those textbook materials. Crucial to the legal analysis in this matter is the question of whether the Plaintiffs were employees of Inkwell or whether, as Defendant Cooke claims, they performed services to the company as independent contractors.

Documentary evidence and testimony to be introduced at trial will demonstrate that the Plaintiffs were, as a matter of law, employees. They were recruited by Inkwell managers, and

51-002-00001: 10071554

hired at pay rates set by the company. They generally worked at assigned desks in the Inkwell offices, using the company's computers and materials. Inkwell managers set frequent deadlines, gave regular – even daily – assignments, and tended to review the Plaintiffs' work every day. Most assignments were to be completed by filling out specific templates or by following page-by-page instructions. Workers were expected to give advance notice if they had to miss work on a given day, so that their tasks could be reassigned to someone else working in the same job category. Taken together, these circumstances of the Plaintiffs' work clearly qualify them as employees under the Second Circuit's multi-factor "economic reality test" to determine a worker's status.

## Argument

### THE PLAINTIFFS WERE EMPLOYEES OF INKWELL UNDER THE SECOND CIRCUIT'S "ECONOMIC REALITY TEST"

Under the Fair Labor Standards Act ("FSLA"), an employee is defined as "any individual employed by an employer." 29 U.S.C. 203(e)(1). The Second Circuit, in determining one's status as an employee or independent contractor under FSLA, considers a number of factors that it describes as an "economic reality test" that is "intended to ensure labor law protection is extended to all workers who are economically dependent on their employers by affording them protection as 'employees,' regardless of how their employers choose to define their status." Schwind v. EW & Associates, Inc., 357 F. Supp. 2d 691, 700 (S.D.N.Y. 2005) (internal quotations and citations omitted). The factors "include: (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent

to which the work is an integral part of the employer's business." Brock v. Superior Care, Inc., 840 F.2d 1054, 1058-59 (2d Cir. 1988) (citing United States v. Silk, 331 U.S. 704 (1947)). The list of factors to be considered is non-exhaustive, but rather based on the totality of the circumstances, Id. at 1059, and embodies "a flexible concept to be determined on a case-by-case basis...." Barfield v. New York City Health & Hospitals Corp., 537 F.3d 132, 141-42 (2d Cir. 2008). The analysis exists to weed out superficial relationship classifications which act as a subterfuge designed to evade responsibilities under labor laws. *See* Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 72 (2d Cir. 2003).

Under the economic reality test, a strong showing of control over one's work environment indicates a strong likelihood that the individual is an employee. The level of control does not only depend on formal, physical control, but whether an employer has functional control, outside of the power to hire, fire, or discipline and dictate time and location of work. *See* Zheng, 355 F.3d at 72. An employer who unilaterally dictates hourly wages, limits working hours, and strictly supervises workers exercises a high degree of control. *See* Brock, 840 F.2d at 1060. Even where there is no direct supervision, an employer can exercise control in various other ways. *See id.* Daily recurring communication via email and telephone indicate a close level of control. *See* Schwind, 357 F. Supp. 2d at 701. In the present matter, the Plaintiffs were generally hired by the company at rates of pay set by management. They reported regularly to assigned desks where they worked on company-provided equipment, and were supervised regularly and directly in the completion of regular assignments according to very detailed templates and guidelines. Overall, it is clear that the Plaintiffs exercised little control over their

work. Although no one factor is dispositive in determining employment status, control of one's work environment is often a touchstone element in showing that one is an employee.

Although the Plaintiffs generally performed skilled labor – writing, editing, design, and translation – simply having skills does not automatically make one an independent contractor. *See* Brock, 840 F.2d at 1060. Independent contractors generally demonstrate not only specific skills but also a high degree of independent initiative. *See* Schwind, 357 F.Supp.2d at 701-702 (weighing in favor of independent contractor where individual made unsupervised calls on his own and handled major client accounts). Where, as here, workers are supervised closely in the completion of detailed assignments, they demonstrate a lower degree of independent initiative more typical of employees than independent contractors.

There can be no question that the Plaintiffs' work of writing, translating, editing, and designing textbook material was integral to Inkwell's textbook production business. An individual's work is integral to the employer's business when that business cannot go on without the function of the individual. *See* Mav Freight Serv., Inc. v. United States, 462 F. Supp. 503, 508 (E.D.N.Y. 1978). Thus, where individuals actually do the work that fulfills an employer's primary purpose, there is a strong likelihood that they are employees. *See* Ansoumana v. Gristede's Operating Corp., 255 F. Supp. 2d 184, 191-92 (S.D.N.Y. 2003)(finding employee status where employer's primary purpose was delivery services and plaintiffs actually made the deliveries); Schwind, 357 F.Supp.2d at 702 (weighing in favor of employee status where individual was a computer consultant, thus integral to the work of his employer, a computer consulting company); Lin v. Great Rose Fashion, Inc., 2009 WL 1544749 (E.D.N.Y. June 3, 2009) (finding plaintiffs' work integral where they assisted line production, assembly and

packaging for a garment manufacturer/distributor); Brock, 840 F.2d at 1061 (finding nurses to be the most integral part of employer's nurse referral business).

The proper evaluation for profit and loss turns on whether the individual is in business for himself, rather than the employer. Schwind, 357 F.Supp.2d 691, 701. Where an individual has made no investment in the business, there is a strong sense that she or he is an employee. In the present matter, the Plaintiffs were recruited by Inkwell, often through online ads placed by Inkwell managers. They generally did not hold themselves out as being in business for themselves, and none shared in any profit of the employer.

Where an individual works for an employer exclusively for an extended period of time, it will weigh in favor of employee status. Schwind, 357 F.Supp.2d at 702 (four year employment, despite alternating between employee and independent contractor, weighed in favor of independent contractor status); Lin, 2009 WL 1544749 *14 (employee status found where individuals worked for employer on a daily basis for three years). While the specific project at issue in this matter was not a long-term project, this one factor is not sufficient to outweigh the strong showing under the Brock economic reality test that the Plaintiffs were employees of Inkwell.

Defendant Patricia Cooke has noted that several of the Plaintiffs signed documents that refer to those Plaintiffs as Independent Contractors, but such a designation is not determinative of one's employment status. Rather, the inquiry rests on a totality of the circumstances, whereupon "[e]conomic realities, not contractual labels, determine employment status...." Real v. Driscoll Strawberry Associates, Inc., 603 F.2d 748, 755 (9th Cir. 1979); see also Rutherford

Food Corp. v. McComb, 331 U.S. 722, 729 (1947)("Where the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the [NLRA]").

## CONCLUSION

An employee's status is not determined by her or his title, but rather by an examination of the totality of the circumstances of his or her work. The evidence to be introduced at trial in the present matter clearly demonstrates that the Plaintiffs – who exercised little control or independent initiative in their day-to-day work, who were in business for their employer and not for themselves, and whose work was clearly integral to Inkwell's business – were employees and not independent contractors.

Dated: November 14, 2011
      New York, New York

                                              LEVY RATNER, P.C.

By:   *Richard A. Levy (by RHS)*
       Richard A. Levy (RL5154)
       Attorneys for Plaintiffs Karen Ahn,
         et al.
       80 Eighth Avenue
       New York, New York 10011
       (212) 627-8100
       (212) 627-8182 (fax)