UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KAREN AHN, KWESI CAMERON, CORNELIA :
CODY, CHRIS DISTASIO, PAT GARBARINI, :
MANUEL ALFREDO GARZON, MELISSA :
GRIGG, MARIA S. HERNANDEZ, CARI :
JACKSON, JAN C. KRAUS, NERIDA :
LANGSTON, GAIL MACK, MARTA MONTSENY, :
MAURICIO NIEBLA, JAN ORZECK, SUE :
MYUNG PARK, DELZA PEREIRA, WENDY :
PIERSON, CAROL PORTEOUS-FALL, MICHELE :   **MEMORANDUM & ORDER**
PRIDMORE, MARISA RINDONE, TOM :
SAETTEL, BERNARDO SARAVIA, BRUNO :   10 Civ. 8726 (KNF)
TARAZONA, ANA TEJADA, MARCO VILLAR, :
EDITH WEINBERG and SARALYN WILSON, :
                                      :
             Plaintiffs,              :
                                      :
       -against-                      :
                                      :
INKWELL PUBLISHING SOLUTIONS, INC.,   :
ISREAL LUZUNARIS, PATRICIA COOKE,     :
JANE DOES 1-5 and JOHN DOES 1-5,      :
                                      :
             Defendants.              :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

Plaintiffs Karen Ahn, Kwesi Cameron, Cornelia Cody, Chris Distasio, Pat Garbarini, Manuel Alfredo Garzon, Melissa Grigg, Maria S. Hernandez, Cari Jackson, Jan C. Kraus, Nerida Langston, Gail Mack, Marta Montsney, Mauricio Niebla, Jan Orzeck, Sue Myung Park, Delza Pereira, Wendy Pierson, Carol Porteous-Fall, Michele Pridmore, Marisa Rindone, Tom Saettel, Bernardo Saravia, Bruno Tarazona, Ana Tejada, Marco Villar, Edith Weinberg, and Saralyn Wilson bring this action against defendants Inkwell Publishing Solutions, Inc. ("Inkwell"), Isreal Luzunaris ("Luzunaris"), Patricia Cooke ("Cooke"), Jane Does 1-5, and John Does 1-5 alleging that the defendants failed to pay them the statutory minimum wage, and overtime pay, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 190

et seq. In addition, the plaintiffs allege breach of contract, quasi-contract, and fraud claims, under New York Law.

On August 11, 2011, the Clerk of Court for this judicial district noted the default of defendants Luzunaris and Inkwell, based on their failure to file an answer or move with respect to the complaint. On August 15, 2011, the plaintiffs made an application to the Court for judgment by default, against these defendants, pursuant to Local Civil Rule 55.2, and Fed. R. Civ. P. 55(b).[1] The application is analyzed below.

## DISCUSSION

"As a general rule, . . . when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL 3d § 2690 (citing Frow v. De La Vega, 15 Wall. (82 U.S.) 552, 554, 21 L.ED. 60 (1872)); see also Badalamenti v. Country Imported Car Corp., No. CV 10-4993, 2012 WL 601481, at *2 (E.D.N.Y. Feb. 22, 2012)("[w]hen there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some . . . default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved.") (citation omitted).

Under FLSA, a corporate officer who is considered an "employer" pursuant to its provisions is jointly and severally liable along with the corporation for a failure to pay wages properly. See

---

[1] The Docket Sheet maintained by the Clerk of Court for this action does not indicate that Inkwell was provided with written notice of the plaintiffs' intention to seek a default judgment as required by Fed. R. Civ. P. 55(b)(2), when a "party against whom a default judgment is sought has appeared [in an action] personally or by representative . . ." Fed. R. Civ. P. 55(b)(2). Here, Cooke, acting in her capacity as president of Inkwell, executed a Waiver of Service, Docket Entry No. 11, on Inkwell's behalf, which constituted an "appearance," triggering the plaintiffs' responsibility to notify Inkwell of their application for a judgment by default, pursuant to Fed. R. Civ. P. 55(b)(2). See 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL 3d § 2686 ("[a]n appearance may arise by implication from the defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to plaintiff . . .") (internal quotation marks and citation omitted).

Moon v. Kwon, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002) (internal quotation marks and citations omitted); see also Leddy v. Standard Drywall, Inc., 875 F.2d 383, 387 (2d Cir. 1989) ("[c]ourts have consistently held that a corporate officer with operational control . . . is an 'employer' along with the corporation, [and is] jointly and severally liable.").

Under FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In determining whether a particular individual is an "employer" under the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . with an eye to the economic reality presented by the facts." Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (internal quotation marks and citations omitted). The relevant factors to be considered under the economic reality test are: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. The economic reality test is intended to encompass the totality of the circumstances; as such, no one factor standing alone is dispositive. See id. Further, these four factors are not an exhaustive list, and other factors may be used in the court's determination of the "economic realities" governing a particular situation. See Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 68-69 (2d Cir. 2003). For example, the Second Circuit has acknowledged that a corporate officer's operational control over a corporation's day-to-day functions may be a factor indicating that the officer is an employer under FLSA. See Herman, 172 F.3d at 140, citing, inter alia, Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983). See also Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 310 (S.D.N.Y. 2011)(stating that "whether the owner had operational control over the business is the critical inquiry in determining whether an officer or owner should be deemed an employer [under FLSA])." (internal quotation marks and citations omitted). An owner need not exercise direct control over an employee to be considered an employer under the FLSA, having operational control over the corporation is

sufficient. See id.

In or about May 1998, Luzunaris and Cooke co-founded Inkwell. According to the "Principal Shareholders' Agreement Inkwell Publishing Solutions, Inc." ("Shareholders' Agreement"), Docket Entry No. 33, Luzunaris and Cooke are the principal shareholders of Inkwell. In addition, the Shareholders' Agreement provides that "[a]ll action shall require the unanimous consent of both the Board of Directors and the PRINCIPAL SHAREHOLDERS[;] [a]ny acts taken or agreements entered into by the Corporation without such consent shall be void and not binding upon the Corporation."

Moreover, in the Joint Pre-Trial Order, Docket Entry No. 19, filed by the plaintiffs and Cooke, they stipulate that, "as Inkwell's CEO and Treasurer, Luzunaris managed the budget and payroll, generally issuing bills to clients and writing checks [, and he] also ran the design and production parts of the business . . . As President and Secretary, Cooke ran the business' editorial and marketing aspects." In that regard, Cooke explained, while testifying at her deposition, that in order for a writer to write material for Inkwell's projects, the writer would have to be told what Inkwell wanted, and depending on the demands made by Inkwell's clients, Cooke's level of supervision over the writers assigned to Inkwell's projects would vary. Notwithstanding the division of responsibility between Cooke and Luzunaris, as described in the Joint Pre-Trial Order, the plaintiffs and Cooke also stipulate that, "Luzunaris and Cooke shared in major decisions, which they generally made in informal meetings between the two of them."

Inasmuch as both Luzunaris and Cooke shared in "major decisions," the fact that they delegated some authority to one another – with Luzunaris overseeing financial matters, and Cooke managing Inkwell's editorial staff – is of no consequence, because they were Inkwell's officers and co-owners and they shared operational control of Inkwell and the individuals who worked for it. See Copantitla, 788 F. Supp. 2d at 310; Hernandez v. La Cazuela de Mari Restaurant, Inc., 538 F. Supp. 2d 528, 535 (E.D.N.Y. 2007) (finding restaurant co-owners employers under FLSA). The informal power-sharing arrangement referenced in the Joint Pre-Trial Order, when combined with the

Shareholders' Agreement's proscription against unilateral action by either principal shareholder suggests that Cooke and Luzunaris would likely be found to be employers along with Inkwell when evaluating the economic realities present here and that, as a consequence, they would be jointly and severally liable to the plaintiffs for violating the minimum wage and overtime compensation provisions of FLSA and NYLL. See Leddy, 875 F.2d at 387. The facts and the procedural posture of this case militate in favor of adhering to the general rule governing defaults, which advises that courts abstain from entering a judgment against a defaulting defendant when that party is one of several defendants who may be jointly liable, until the action has been adjudicated with regard to all defendants. See 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL 3d § 2690 (citation omitted).

## CONCLUSION

For the foregoing reasons, the plaintiffs' application for entry of a judgment by default against Inkwell and Luzunaris and a concomitant determination of the damages to be awarded to the plaintiffs against these defendants, Docket Entry No. 26, is denied, without prejudice. The plaintiffs may refile their application, if appropriate, after liability is determined with respect to the defendant who has not defaulted, Cooke.

Dated: New York, New York
March 29, 2012

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE