UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAREN AHN, KWESI CAMERON, CORNELIA CODY, CHRIS DISTASIO, PAT GARBARINI, MANUEL ALFREDO GARZON, MELISSA GRIGG, MARIA S. HERNANDEZ, CARI JACKSON, JAN C. KRAUS, NERIDA LANGSTON, GAIL MACK, MARTA MONTSENY, MAURICIO NIEBLA, JAN ORZECK, SUE MYUNG PARK, DELZA PEREIRA, WENDY PIERSON, CAROL PORTEOUS-FALL, MICHELE PRIDMORE, MARISA RINDONE, TOM SAETTEL, BERNARDO SARAVIA, BRUNO TARAZONA, ANA TEJADA, MARCO VILLAR, EDITH WEINBERG and SARALYN WILSON,

Plaintiffs,

-against-

INKWELL PUBLISHING SOLUTIONS, INC., ISREAL LUZUNARIS, PATRICIA COOKE, JANE DOES 1-5 and JOHN DOES 1-5,

Defendants.

---

**MEMORANDUM & ORDER**

10 Civ. 8726 (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**INTRODUCTION**

On November 18, 2010, plaintiffs Karen Ahn, Kwesi Cameron, Cornelia Cody, Chris Distasio, Pat Garbarini, Manuel Alfredo Garzon, Melissa Grigg, Maria S. Hernandez, Cari Jackson, Jan C. Kraus, Nerida Langston, Gail Mack, Marta Montsney, Mauricio Niebla, Jan Orzeck, Sue Myung Park, Delza Pereira, Wendy Pierson, Carol Porteous-Fall, Michele Pridmore, Marisa Rindone, Tom Saettel, Bernardo Saravia, Bruno Tarazona, Ana Tejada, Marco Villar, Edith Weinberg, and Saralyn Wilson (collectively "plaintiffs"), commenced this action against defendants Inkwell Publishing Solutions, Inc. ("Inkwell"), Isreal Luzunaris ("Luzunaris"), Patricia Cooke ("Cooke"), Jane Does 1-5, and John Does 1-5, alleging, inter alia, that the defendants failed to pay them the statutory minimum wage, and overtime pay, in violation of the Fair Labor Standards Act , 29 U.S.C. § 201 et seq., and New York Labor Law § 190

et seq. Before the Court is the plaintiffs' application for a judgment by default against Inkwell and Luzunaris.

## BACKGROUND

On February 7, 2011, the plaintiffs filed an affidavit of service with respect to Luzunaris. In that document, the plaintiffs' process server affirmed, among other things, the following:

> That on February 02, 2011[,] at 7:17 P.M.[,] at 438 ALBANY COURT, WEST NEW YORK, NY 07093, deponent served the within SUMMONS IN A CIVIL ACTION, COMPLAINT & ORDER FOR INITIAL PRETRIAL CONFERENCE on ISREAL LUZUNARES [sic] therein named. AFFIXING TO DOOR: By affixing a true copy of each to the door of said premises, which is intended Recipient's RESIDENCE/PRIVATE HOUSE/USUAL PLACE OF ABODE within the state. Deponent was unable, with due diligence to find intended Recipient or a person of suitable age and discretion, thereat, having called there on: JANUARY 31, 2011 AT 4:35 PM[,] FEBRUARY 1, 2011 AT 7:53 AM [and] FEBRUARY 2, 2011 AT 7:17 PM[.] MAILING: Deponent enclosed a copy of same in a postpaid wrapper properly addressed to Recipient at Recipient's last known residence at 438 ALBANY COURT, WEST NEW YORK, NY 07093 and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Services within New York State on 2/3/2011 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside thereof, by return address or otherwise that the communication is from an attorney or concerns an action against the party to be served. Spoke with NEIGHBOR, MS. LEE AT 437 ALBANY COURT, WEST NEW YORK, NY 07093 who stated that the Defendant lives at the aforementioned address but was unable to divulge the Defendant's place of employment.

The Honorable William H. Pauley held a conference in this action on June 3, 2011. During the conference, Judge Pauley had the following colloquy with the plaintiffs' counsel:

> The Court: How can I grant summary judgment against defendants who have not been served?
> [Counsel to the plaintiffs]: We can move for default - - they have both been served, your Honor.
> The Court: Where did you serve Mr. Luzunaris?
> [Counsel to the plaintiffs]: We served him at his last known address. . . .
> The Court: He is in Mexico, isn't he?
> [Counsel to the plaintiffs]: That's correct.
> The Court: How do you have good service on Mr. Luzunaris?
> [Counsel to the plaintiffs]: We served him at his last known address in New York, New Jersey and Texas and subsequently found that he is – –
> The Court: When did you do that?
> [Counsel to the plaintiffs]: I believe in January. . . .
> The Court: . . . Did you serve [Luzunaris] in Mexico?

> [Counsel to the plaintiffs]: He refused to give me an address.
> The Court: So the answer to my question is no. So from my perspective, you have served one individual, Ms. Cooke.

A "Waiver of Service of Summons" was filed with the Clerk of Court respecting Inkwell, on June 16, 2011. Cooke executed the waiver on January 31, 2011, in her capacity as Inkwell's president. On November 20, 2011, Cooke filed with the court, as her trial Exhibit B, the "Principal Shareholders' Agreement [of] Inkwell Publishing Solutions, Inc." ("Shareholders' Agreement"); that document governed Inkwell's business operations. The Shareholders' Agreement contains a provision that terminated Cooke's authority as an officer of Inkwell, upon the "[c]essation of business by the CORPORATION or liquidation of the CORPORATION." According to the parties' joint pretrial order, Docket Entry No. 19, Inkwell's business operations concluded "in or around June of 2009."

Counsel has not appeared to represent Inkwell in this action, and neither Inkwell nor Luzunaris filed an answer or moved with respect to the plaintiffs' complaint. Consequently, on August 11, 2011, the Clerk of Court entered the default of Luzunaris and Inkwell. On August 15, 2011, the plaintiffs filed a motion for a judgment by default against these defendants. Through a memorandum and order issued on March 29, 2012, the Court denied the plaintiffs' default judgment motion, relying on the general rule that when an application for a judgment by default is made against one of several defendants alleged to be jointly liable, no judgment should be entered against that defendant until the matter has been adjudicated with regard to all defendants or all defendants have defaulted. At that time, Cooke had not defaulted and her liability had yet to be adjudicated. On November 2, 2012, the plaintiffs filed a stipulation of voluntary dismissal with respect to Cooke. Thereafter, the plaintiffs filed the instant application.

**DISCUSSION**

Granting a judgment by default is within the discretion of a district court, even where the defendant's default has been noted under Rule 55(a) of the Federal Rules of Civil Procedure, "because

[the court] is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). In this judicial circuit, "defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Id. at 96.

Before a court grants a default judgment motion, it must assure itself that it has personal jurisdiction over the parties. See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010); see also Acceptance Ins. Co. v. Home Medical of Am., Inc., No. 04 Civ. 9338, 2005 WL 3471780, at *2 (S.D.N.Y. Dec. 20, 2005) (noting that "[a] court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, 'which also means that he must have been effectively served with process.'") (citation omitted). If a court enters a judgment by default in the absence of personal jurisdiction, the judgment "is void within the meaning of Rule 60(b)(4)." De Ganay v. De Ganay, No. 11 Civ. 6490, 2012 WL 6097693, at *4 (S.D.N.Y. Dec. 6, 2012) (citation omitted). The plaintiff bears the burden of proving that the elements of personal jurisdiction have been satisfied. See id.

For a federal district court to exercise personal jurisdiction over a defendant, three requirements must be met: "[f]irst, the plaintiff's service of process upon the defendant must have been procedurally proper . . . [s]econd, there must be a statutory basis for personal jurisdiction that renders such service of process effective . . . [t]hird, the exercise of personal jurisdiction must comport with constitutional due process principles." Licci v. Lebanese Canadian Bank, Sal, 673 F.3d 50, 59-60 (2d Cir. 2012).

***Service on Luzunaris***

Under Rule 4(e) of the Federal Rules of Civil Procedure, service may be effected on an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

  (2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)-(2).

  Based on the affidavit of service submitted by the plaintiffs, Luzunaris was not served in conformity with any of the provisions of Rule 4(e)(2), as the affidavit does not indicate that the plaintiffs: (1) delivered a copy of the summons and complaint to Luzunaris personally; (2) left a copy of each at Luzunaris' "usual place of abode with someone of suitable age and discretion who resides there," Fed. R. Civ. P. 4(e)(2)(B); or (3) delivered a copy of the summons and complaint to an agent authorized by appointment or law to receive service on Luzunaris' behalf.

  Pursuant to Rule 4(e)(1), the plaintiffs may effect service on Luzunaris by following New York law. Based on the record before the Court, it is unclear whether service was made on Luzunaris in accordance with New York law. New York's Civil Practice Law and Rules ("CPLR") § 308(4), provides, in pertinent part, that personal service may be effected on a natural person "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business." CPLR § 308(4).

  In the affidavit of service submitted by the plaintiffs, their process server affirmed that he affixed copies of the summons and complaint to Luzunaris' "residence/private house/usual place of abode" in "WEST NEW YORK, NY," and, using regular first class mail, sent a copy of the same to Luzunaris' last known address which, according to the process server's affidavit, is the same "WEST NEW YORK, NY" address. Furthermore, the process server's affidavit noted that the zip code for the "WEST NEW YORK, NY" location, where service was made, is 07093. CPLR § 308(4)'s "affix and

mail" method of service may be employed at "the actual place of business, dwelling place or usual place of abode within the state of the person to be served." (emphasis added). The Court takes judicial notice, see Federal Rule of Evidence 201, of the fact that West New York, is a town in New Jersey, not New York, and is assigned postal zip code 07093 by the United States Postal Service. See https://tools.usps.com/go/ZipLookup (last visited June 13, 2013). Inasmuch as the process server affirmed that service was made on Luzunaris using CPLR § 308(4)'s "affix and mail" method of service at a location that is not "within the state" of New York, service on Luzunaris was not effected properly pursuant to CPLR § 308(4).

Assuming, arguendo, that the process server's affidavit contains a typographical error and he attempted to serve Luzunaris in West New York, New Jersey, the "mail method" of service the process server employed does not comport with New Jersey law respecting personal service of a summons and complaint. In New Jersey, "[i]f personal service cannot be effected after a reasonable and good faith attempt . . . service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant." See New Jersey Court Rule 4:4-3. In the case at bar, the process server's affidavit states that he mailed process to Luzunaris via regular first class mail, not via either registered or certified mail, with a request that a receipt be returned to him by the United States Postal Service.

The record before the Court does not establish that service of process on Luzunaris was procedurally proper; thus, the Court does not have personal jurisdiction over him. See Licci, 673 F.3d at 59-60. In such a circumstance, the Court may not grant a default judgment against Luzunaris. See Sinoying Logistics Pte Ltd., 619 F.3d at 213 (noting that before a court grants a motion for default judgment it has an affirmative duty to look into its jurisdiction over the parties).

***Dismissal of the Complaint against Luzunaris for Lack of Personal Jurisdiction***

"When a court is considering entering a default judgment, it may dismiss an action sua sponte for lack of personal jurisdiction." De Gany, 2012 WL 6097693, at *7 (citation omitted); see also

Sinoying Logistics Pte Ltd., 619 F.3d at 214 (affirming dismissal of the complaint where the plaintiffs sought a judgment by default against a defendant and failed to establish the court's personal jurisdiction over the defendant.).

The issue of the court's personal jurisdiction over Luzunaris was first raised with the plaintiffs by Judge Pauley, during a conference on June 3, 2011. Notwithstanding the considerable lapse of time since then, as of the date of this memorandum and order, it does not appear that the plaintiffs have taken any additional steps to effect service on Luzunaris. Accordingly, as the plaintiffs have failed to effect service on Luzunaris within the 120-day period provided by Federal Rule of Civil Procedure 4(m), and he has not appeared in this action, dismissal of the action against him, for lack of personal jurisdiction, is warranted.

***Dismissal of the Complaint against Inkwell for Lack of Personal Jurisdiction***

Inkwell's business operations concluded "in or around June of 2009." Pursuant to Inkwell's Shareholders' Agreement, Cooke's position as an Inkwell officer terminated at that time. As a result, it does not appear that Cooke had the authority either to accept service on Inkwell's behalf, as an Inkwell officer, or to execute the waiver of service on Inkwell's behalf, in June 2011. Cooke's lack of authority to execute the waiver of service on Inkwell's behalf, has been known to the plaintiffs since at least November 20, 2011, the date on which Cooke filed the Shareholders' Agreement with the court. To date, no summons has ever been served on Inkwell, it has not made an appearance in this action through counsel, and the record does not indicate that the plaintiffs took any additional steps to serve Inkwell, after they were put on notice that Cooke's authority to waive service, on Inkwell's behalf, was suspect. Moreover, the record is devoid of any evidence that the plaintiffs ever sought an enlargement of time in which to effect service on Inkwell. Therefore, owing to the plaintiffs' failure to serve Inkwell within the time provided by Federal Rule of Civil Procedure 4(m), such that the Court could acquire personal jurisdiction over it, the complaint, as it relates to Inkwell, must be dismissed, for lack of personal jurisdiction.

## CONCLUSION

The plaintiffs application for a default judgment against Inkwell and Luzunaris, Docket Entry No. 47, is denied. Furthermore, inasmuch as the record demonstrates that neither Inkwell nor Luzunaris was served timely or properly with the summons and complaint, and thus the Court lacks personal jurisdiction over either of them, the complaint, as it relates to each, is dismissed.

Dated: New York, New York
June 18, 2013

SO ORDERED:

Kevin Nathaniel Fox
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE